[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 08 2008
THOMAS K. KAHN
CLERK

No. 06-16322
Non-Argument Calendar
_____

D. C. Docket No. 06-00115-CV-1-DHB

MICHAEL S. ANDERSON,

                                                     Plaintiff-Appellant,

versus

JAMES E. DONALD,
Commissioner,
VICTOR WALKER,
Warden,

                                                     Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 8, 2008)**

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Michael Anderson, a prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 civil complaint for failure to exhaust his administrative remedies. In his complaint, Anderson alleged that he was deprived of his right of access to the law library and copier, that he was disciplined for asserting these rights, that he was subject to involuntary servitude and disciplined for not reporting to work, and that the prison food was poor. He also alleged that he informed the warden of his grievances, but that he did not appeal his claims to the highest administrative level. On appeal, in addition to his claims regarding adverse prison conditions, Anderson argues on the merits of a separate civil action. However, we will address only the issue of exhaustion in the present case.

We review de novo the district court's dismissal of a § 1983 action for failure to exhaust available administrative remedies. Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005), cert. denied, 1266 S.Ct. 2978 (2006). The Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under [§ 1983] by a prisoner . . . until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege

2

excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002). "An inmate incarcerated in a state prison, thus, must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).

We likewise review the district court's sua sponte dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2) for failure to state a claim de novo, taking as true the allegations in the complaint. Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001) (reviewing dismissals under § 1915A); see Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (reviewing dismissals under § 1915(e)(2)). The PLRA instructs district courts to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss the complaint sua sponte if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; see id § 1915(e)(2) (instructing courts to review in forma pauperis actions and dismiss on the same grounds). To that end, we have held that "a claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

However, subsequent to the district court's decision in this case, the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, __ U.S. __, 127 S.Ct. 910, 921, 166 L.Ed.2d. 798 (2007). The Court reasoned that because Congress did not specifically include exhaustion in the list of grounds for sua sponte dismissal under § 1915A, the normal pleading rules applied. Id. at __, 127 S.Ct. at 920. Under the normal pleading rules, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." Id. As a result, a complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint. See id at 920-21 (cautioning that the conclusion that exhaustion is not a pleading requirement "is not to say that failure to exhaust cannot be the basis for dismissal for failure to state a claim."). Otherwise, exhaustion and other affirmative defenses must be raised in a responsive pleading. See id. at 919-21; see Fed.R.Civ.P. 8(c). The Supreme Court reiterated in Bock, however, that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Bock, __ U.S. at __, 127 S.Ct. at 918-19.

Here, the district court found in part that Anderson "did not allege exhaustion of his claims."  To the extent that the district court dismissed Anderson's complaint on these grounds, the district court erred in light of the Supreme Court's holding in <u>Bock</u> that "inmates are not required to specially plead or demonstrate exhaustion in their complaints."  However, the court also found that Anderson's complaint was "subject to dismissal for failure to exhaust his administrative remedies."  Assuming Anderson's allegations are true, he clearly stated in his complaint that he neither appealed his grievable claims after presenting them to the proper grievance committee, nor appealed his disciplinary claim after presenting it to the warden, as provided in the Department of Corrections Standard Operating Procedure. Accordingly, Anderson failed to comply with the PLRA's mandatory exhaustion requirement.

Upon careful review of the record and consideration of the parties' briefs, we discern no reversible error.  The allegations in Anderson's complaint sufficed to establish that he failed to exhaust his administrative remedies, and thus, the district court properly dismissed his complaint.

**AFFIRMED.**[1]

---

[1] Anderson's motion for oral argument is denied.